UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTAEUS ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-01381-TWP-TAB |
| ) | |
| CLAY CHRISTAL, GERARD SPEARS, ) | |
| RANA STOOPS, ROSANN TUNNEY, ) | |
| M. SNOW, YVONNE PECKHAM, ) | |
| JOHN SAFFORD, C. DAVIS, ) | |
| R. COLSTOCK (Robert), S. NAPPER, ) | |
| A. POTTER, B. HURT, ) | |
| TARA MCINTYRE, K. STIENER (first ) | |
| name/initial unknown at this time), ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Filing Fee, Service, and Misjoined Claims
and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 3] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

The plaintiff's request for service of process by the United States Marshal [dkt. 4] is **denied as premature**. After the screening of the complaint is completed, the Court will assist the plaintiff with serving the defendants.

**III.**

Plaintiff Antaeus Anderson's complaint asserts claims pursuant to 42 U.S.C. § 1983. As presented, however, his complaint is not properly before the court.

Rule 18(a) of the *Federal Rules of Civil Procedure* provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances.

Anderson's 10-page complaint does not set forth any claim or claims that properly join all 14 defendants. This deficiency must be corrected before this action can proceed.

**IV.  Claims Alleged**

The circumstances alleged by Mr. Anderson occurred while he was an inmate at the Pendleton Correctional Facility. He alleges the following:

**1.     Claims against Clay Christal, C. Davis, Mr. Spears, Mr. Colstock, and Yvonne Peckham.** Clay Christal and C. Davis allegedly instituted measures which restricted Mr. Anderson's privileges and liberties, including confiscating Mr. Anderson's personal property

including writing utensils. Mr. Christal also allegedly conspired with Mr. Spears to keep Mr. Anderson in segregation and failed to intervene when Mr. Anderson was assaulted by Mr. R. Colstock on August 8, 2015, and threated by Officer C. Davis. In addition, Mr. Spears and Yvonne Peckham failed to provide Mr. Anderson with the full names of Indiana Department of Correction (IDOC) employees.

2. **Claims against Rosann Tunny and Rana Stoops.** Rosann Tunney allegedly produced false paperwork/medical records and her supervisor, Rana Stoops failed to correct these errors.

3. **Claims against M. Snow.** Mr. Snow allegedly used excessive force against Mr. Anderson on July 14, 2015, and allowed an offender to assault Mr. Anderson on July 22, 2015.

4. **Claims against John Safford.** Mr. Safford allegedly sanctioned Mr. Anderson without due process.

5. **Claims against S. Napper.** S. Napper allegedly sanctioned Mr. Anderson without due process.

6. **Claims against A. Potter.** A. Potter allegedly confiscated a picture Mr. Anderson had received in the mail which was sent to him by accident.

7. **Claims against B. Hurt.** Mr. Hurt allegedly falsified a conduct report which resulted in sanctions against Mr. Anderson including excessive confinement. Mr. Hurt also allegedly threated Mr. Anderson.

8. **Claims against Tara McIntyre.** Ms. McIntyre allegedly failed to schedule an interview for Mr. Anderson with Internal Affairs.

9. **Claims against K. Stiener.** K. Stiener allegedly confiscated Mr. Anderson's medical request for health care services.

## V. Severance of Claims

As discussed above, the nine misjoined claims cannot proceed in this single action. The claims against Clay Christal, C. Davis, Mr. Spears, Mr. Colstock, and Yvonne Peckham shall proceed to the screening required by 28 U.S.C. § 1915A in this action. The other claims asserted in the complaint are misjoined. In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. The Court of Appeals has instructed that generally, if a district court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

Instead of *sua sponte* severing the remaining eight claims into eight new civil actions, the plaintiff shall have the opportunity to determine whether the misjoined claims identified above shall be severed into two new actions or dismissed without prejudice. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If new actions are opened, the plaintiff will be responsible for a filing fee for each new case and the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for each new case.

The plaintiff shall have **through September 27, 2015,** in which to **notify the Court** whether he wishes the Court to sever any claim(s) into new actions, and if so, he shall identify which claims against which defendants. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 9/2/2015

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTAEUS ANDERSON
166285
PENDLETON - CF
Electronic Service Participant -- Court Only