# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTAEUS ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-01381-TWP-TAB |
| | ) | |
| R. COLSTOCK (Robert), | ) | |
| | ) | |
| Defendant. | ) | |

## Entry Discussing Motion for Summary Judgment

Plaintiff Antaeus Anderson brings this action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force while he was incarcerated at the Pendleton Correctional Facility ("Pendleton") in violation of his Eighth Amendment rights. Specifically, Mr. Anderson claims that on March 6, 2015, Officer Robert Colstock used a cuff port locking mechanism as a weapon against him. Arguing that Mr. Anderson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), Officer Colstock moves for summary judgment on Mr. Anderson's claims. For the following reasons, the motion for summary judgment [dkt 39] is **granted**.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which

1

"demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## II. Undisputed Facts

Mr. Anderson was incarcerated at Pendleton, an Indiana State prison, on March 6, 2015. There is a

Indiana Department of Correction ("DOC") Policy and Administrative Procedure 00-02-301, Offender Grievance Process, was the grievance program in place at Pendleton during the time Mr. Anderson alleges that his rights were violated. Policy and Administrative Procedure 00-02-301 was the policy governing the grievance procedure and it detailed how an offender must exhaust his administrative remedies using that procedure. The Offender Grievance Process was revised on April 5, 2015, but the incident alleged in this case was subject to the policy in place on March 6, 2015, when the incident occurred.

Under the Offender Grievance Process, inmates can submit grievances about the actions of individual correctional officers and other staff. The Grievance Process includes an attempt to resolve the complaint informally, as well as two formal steps: a formal written grievance, and an

appeal of the response to the level one grievance. Exhaustion of the Grievance Process requires the submission of a formal grievance and the filing of an appeal. If an inmate does not receive a response from staff in accordance with the established time frames, he is entitled to move to the next stage of the process.

Mr. Anderson alleges in his Complaint that on March 6, 2015, Officer Colstock used a cuff port locking mechanism as a weapon against him. DOC's records indicate that Mr. Anderson did not file a grievance regarding the incident this incident. Moreover, Pendleton's Grievance Specialist at the time of the alleged incident in March of 2015, does not recall receiving a grievance from Mr. Anderson involving an alleged assault with a cuff port locking mechanism by Officer Colstock.

Mr. Anderson was aware of the proper process for filing a grievance at Pendleton, as demonstrated by the grievance filed on January 8, 2015, as Case Log # 86130. Despite this knowledge, Mr. Anderson failed to submit any grievances regarding this incident as required by DOC policy.

On August 31, 2015, Mr. Anderson filed his complaint in this civil action. As of April 7, 2016, Mr. Anderson had failed to submit a grievance, formal or otherwise, nor pursue the grievance process through appeal, regarding the March 6, 2015, incident.

### III. Discussion

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing

some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

Officer Colstock argues that he is entitled to summary judgment because Mr. Anderson did not exhaust his available administrative remedies before filing this lawsuit. Specifically, Officer Colstock has submitted competent evidence that Mr. Anderson did not exhaust his available administrative remedies with regard to his claims before filing this lawsuit. Mr. Anderson did not file a formal grievance or grievance appeal as required by the Grievance Process. Instead of properly following the grievance procedure after the incident allegedly occurred, he filed this lawsuit on August 31, 2015.

In response, Mr. Anderson argues that "a conspiracy was incorporated to harass and threaten me" to obstruct his pursuant of justice, and get him to abandon complaints. See dkt. 44 at p. 3. In addition, Mr. Anderson suggests that he was not required to grieve the issue because the underlying event was a classification issue. *Id.* For the reasons explained below these arguments are not supported by the law or facts.

4

First, Mr. Anderson does not argue that he filed an informal or formal grievance or that he appealed his formal grievance to the DOC's central office. Second, Mr. Anderson's vague claim that there was a conspiracy to harass and threaten him does not explain how or why he was unable to grieve the claim that Office Colstock used a cuff port as a weapon on March 6, 2015. He has not identified any specific instance of misconduct by any employee of the DOC which created a barrier to filing a grievance. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("when prison officials prevent inmates from using the administrative process ... the process that exists on paper becomes unavailable in reality."). Third, the classification appeal is irrelevant. Mr. Anderson argues in his response and surreply brief that he filed a classification appeal on February 17, 2015 (before the cuff port incident occurred). Dkt. 44-2. The fact that Mr. Anderson filed a classification appeal in an attempt to change his housing assignment before the cuff port incident occurred could not and did not satisfy his obligation to exhaust his administrative remedies. Similarly, a request for healthcare and a notice of tort claim is not a substitute for exhausting administrative remedies. *Steele v. Knight*, No. 1:13-CV-982-JMS-DKL, 2014 WL 3510094, at *3 (S.D. Ind. July 15, 2014) (*citing Pettiford v. Hamilton*, 1:07–cv–675–DFH–TAB, 2008 WL 4083171, *3 (S.D. Ind. Sept.3, 2008) ("Filing a Notice of Tort Claim is not a substitute for complying with the administrative process....").

Officer Colstock has met his burden of proving that Mr. Anderson "had available remedies that [he] did not utilize." *Dale*, 376 F.3d at 656. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Anderson's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

5

## IV. Conclusion

For the reasons explained above, the motion for summary judgment [dkt. 39] is **granted.**

Judgment consistent with this Entry shall now issue.

The DOC's Offender Locator website reveals that Mr. Anderson, also known as Mylan

Jefferson, (see dkt. 47-1) has been released to the Indiana Parole District. **The clerk is instructed**

to update the plaintiff's address consistent with the distribution portion of the Entry.

**IT IS SO ORDERED.**

Date: 9/29/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTAEUS ANDERSON
166285
Indianapolis Parole District
6400 E. 30th Street
Indianapolis, IN 46219

And

ANTAEUS ANDERSON
166285
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

All Electronically Registered Counsel